IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. RICHARD

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JON M. RICHARD, APPELLANT.

Filed August 18, 2020.    No. A-20-168.

Appeal from the District Court for Lancaster County: JOHN A. COLBORN, Judge. Appeal dismissed.

Darik J. Von Loh, of Hernandez Frantz, Von Loh, for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

PIRTLE, BISHOP, and WELCH, Judges.

BISHOP, Judge.

INTRODUCTION

Jon M. Richard entered a plea of guilty to attempted possession of a controlled substance, methamphetamine. The Lancaster County District Court sentenced him to 180 days in jail, with credit for 10 days' time served. On appeal, Richard claims that his sentence is excessive. Because Richard has already fully served his sentence, we dismiss his appeal on grounds of mootness.

BACKGROUND

On January 16, 2019, the State filed a complaint in the county court for Lancaster County, charging Richard with possession of methamphetamine, a Class IV felony. The county court found probable cause for the charge and bound the case over to the district court. On June 6, the State filed an information in the district court, charging Richard as it had in the county court.

- 1 -

A hearing took place on January 3, 2020. The State sought leave to file an amended information pursuant to a plea agreement which had been reached between the parties. The district court granted the State's request. That same day, the State filed an amended information under which it amended the charge against Richard to attempted possession of methamphetamine, a Class I misdemeanor. Pursuant to the plea agreement, Richard entered a guilty plea to that charge. The State then provided a factual basis for the charge, indicating that on January 16, 2019, following the search of the vehicle Richard was driving in Lancaster County, Nebraska, an orange syringe cap located underneath the driver's seat was subsequently confirmed positive for methamphetamine. The district court accepted Richard's plea and found him guilty as charged under the amended information. A presentence investigation was ordered and a sentencing hearing was scheduled.

On January 31, 2020, Richard was sentenced to 180 days in the Lancaster County jail, with credit for 10 days' time served. His sentence was ordered to be served consecutive to his sentence in a separate criminal case and to any other sentence previously imposed upon him. On March 2, Richard filed an appeal from the sentencing order.

On April 28, 2020, a return of commitment was filed in the district court. It showed that Richard had been imprisoned from January 31 through April 27, the date of his release for his sentence on his conviction in this case. Richard's appeal was submitted to this court on June 23, after the parties had filed their appellate briefs.

## ASSIGNMENT OF ERROR

Richard assigns only that the district court abused its discretion by imposing an excessive sentence.

## STANDARD OF REVIEW

Because mootness is a justiciability doctrine that operates to prevent courts from exercising jurisdiction, we review mootness determinations under the same standard of review as other jurisdictional questions. *State v. Roberts*, 304 Neb. 395, 934 N.W.2d 845 (2019). A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Id*.

## ANALYSIS

Richard claims that his sentence for attempted possession of methamphetamine is excessive, although he concedes that his 180-day jail sentence is within the statutory limits. See, Neb. Rev. Stat. § 28-201(4)(e) (Cum. Supp. 2018); Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 2018); Neb. Rev. Stat. § 28-405(c)(3) [Schedule II] (Cum. Supp. 2018); Neb. Rev. Stat. § 28-106(1) (Reissue 2016) (Class I misdemeanor is punishable by up to 1 year's imprisonment, a $1,000 fine, or both). He argues that he should have received a fine alone or, alternatively, that the length of the jail term imposed was an abuse of discretion. The State counters that this appeal is moot. We agree with the State.

An action becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of the litigation. *State v. Roberts,*

*supra*. A moot case is one which seeks to determine a question which does not rest upon existing facts or rights or in which the issues presented are no longer alive. *Id*. The central question in a mootness analysis is whether a change in circumstances during the course of the litigation has made it impossible for the court to provide any meaningful relief. *Id*. Generally, an appeal of a conviction is moot when a criminal defendant has completely served his or her sentence. See *State v. Patterson*, 237 Neb. 198, 465 N.W.2d 743 (1991). See, also, *State v. Roberts, supra* (defendant's postrelease supervision was revoked and he was ordered to serve time remaining on his postrelease supervision term in jail; defendant's completion of sentence thereafter rendered his appeal of same sentence moot). As a general rule, a moot case is subject to summary dismissal. *Hron v. Donlan*, 259 Neb. 259, 609 N.W.2d 379 (2000).

As stated previously, Richard was sentenced to 180 days in jail, with credit for 10 days' time served. He had to serve a minimum of 98 days, minus any credit for time previously served, towards discharge. See Neb. Rev. Stat. § 47-502 (Reissue 2010) (after 15th day of confinement, person sentenced to county jail shall have remaining term reduced 1 day for each day of sentence served during which there has been no breach of discipline or other violation of jail regulations). The record shows that Richard served 88 days in jail, from January 31 through April 27, 2020. At the time of his release from commitment on April 27, he had served a total of 98 days in jail (88 days' imprisonment plus 10 days' credit for time served). Because Richard has completely served his sentence, his sole claim that his sentence is excessive does not rest upon existing facts and he lacks a legally cognizable interest in the outcome of the issue. Therefore, this appeal is moot.

We recognize that there are two relevant exceptions to the mootness doctrine in this context. Namely, the Nebraska Supreme Court has held that a prisoner's appeal is not moot if he or she has fully served his or her sentence before his or her appeal reaches the court and there was no way the prisoner, using all reasonable methods, could have brought his or her case to the court before expiration of his or her sentence, or if the prisoner may suffer future state or federal penalties or disabilities as a result of the judgment. See *State v. Patterson, supra*. Neither exception applies here, as we explain next.

Richard was sentenced on January 31, 2020, and he timely filed his notice of appeal on March 2. He filed his appellate brief on May 1, and by that time he had finished serving the sentence he presently appeals. Despite Richard's timely filings, his appeal was nevertheless moot by the time it was submitted to this court in light of Richard serving his relatively short jail sentence. The record before us does not contain any information related to an appeal bond. Although the district court would have been required to set an appeal bond, our record does not show that Richard took advantage of an appeal bond so as to avoid the mootness issue. See *State v. Kirby*, 25 Neb. App. 10, 901 N.W.2d 704 (2017) (Neb. Rev. Stat. § 29-2302 (Reissue 2016) requires that reasonable bond be set following misdemeanor conviction in district court). Accordingly, we can only conclude that Richard did not make all possible efforts to have his appeal heard before serving his sentence, and thus, the first exception discussed in *State v. Patterson, supra*, does not apply here. See *State v. Patterson, supra* (because defendant did not move to be released on bail and attempt to delay serving his sentence until his appeal was heard, he had not taken all possible steps to expedite appeal before his sentence was fully served).

As to the second exception discussed in *State v. Patterson, supra*, Richard does not argue, nor does the record reflect, that Richard may suffer future state or federal penalties or disabilities

as a result of the judgment. He was convicted of a Class I misdemeanor and sentenced to a term of less than 1 year. Richard has failed to identify, and the record does not reveal a "collateral consequence" that he will endure as a result of his misdemeanor conviction. See *State v. Patterson, supra* at 204, 465 N.W.2d at 748 (defendant's appeal was not moot because he would be subject to various collateral consequences as result of his felony conviction).

We find that the two exceptions to the mootness doctrine discussed in *State v. Patterson, supra*, do not apply under the circumstances of this case. There is no assertion that we should consider any other exception to the mootness doctrine not already addressed. There being no pertinent exception to the mootness doctrine applicable here, we conclude that this appeal has been rendered moot due to Richard having fully served his sentence.

CONCLUSION

Because Richard's appeal is moot and no exceptions to mootness apply, we dismiss the appeal.

APPEAL DISMISSED.